Thank you, Your Honor. May it please the Court, Mark Weintraub from the Federal Defender Office in Eugene, representing the Petitioner Nathaniel Terry. There are three issues before the Court. They pertain to whether there was a procedural default. This Court's stand for the Federal District Court's standard of review and then the merits of themselves. What I'd like to do with the time I have is begin by framing the issue, and I think that will logically float all three of the sub-issues. Mr. Terry, in his amended petition for post-conviction relief in April 1997, framed the issue as follows. He alleged, as he alleges today, that his Fifth and Sixth Amendment rights were violated because his guilty plea was involuntary, and he was denied ineffective assistance of counsel. He thereby raised the federal issues that are before the Court today before the post-conviction trial court some six, seven years ago. In his appeal from the post-conviction court's denial of relief, he appended the post-conviction court's findings to his brief before the Oregon Court of Appeals. Those findings specifically recited the claims he had made in his post-conviction relief petition, including the Fifth and Sixth Amendment and the claim of ineffective assistance and the claim of involuntariness. Aside from appending it, did he refer to it? He did not refer to the federal issue in his brief before the Oregon Court of Appeals. He argued only Oregon law. There's no question about that, short of his appending the petition itself, which alleged those issues, and the post-conviction court findings. Was he counseled at that point? Yes, he was. So where does that leave us under Peterson? Well, Peterson is, in effect, the reverse of this case. Because in Peterson, the petitioner had alleged a federal issue before the Oregon Court of Appeals, but he did not allege it in his petition for review to the Oregon Supreme Court. But that doesn't matter. I don't think it matters anyway. Doesn't Peterson give us some standards for at least how much it has to rise to the surface? I think it does matter. It matters for the following reasons. First of all, he did raise the federal issue by citing Boykin explicitly. In the Supreme Court, yes. In the Supreme Court. Under the Court of Appeals. Now, the reason it matters is, first of all, that the Oregon Supreme Court has different rules for what issues are to be raised. It's not enough under the Oregon Rules of Appellate Procedure to allege simply the trial court error because these rights were violated. The rules don't permit that. The rules, rather, require that the issue be raised in a context that invites the Supreme Court to accept review because it's a new issue. It raises an issue of first impression or otherwise raises an issue of statewide importance. In other words, a petition for review to the Oregon Supreme Court has to raise a policy issue rather than simply a claim of error, as the Oregon Court of Appeals brief did. Although, of course, one of the strange things about the current exhaustion rules is that you have to go to the Oregon Supreme Court with issues that they would never take. Perhaps. But be that as it may, the Oregon Court of Appeals affirmed without opinion. The Oregon Supreme Court denied review without opinion. And all that leaves us with, under this court's ruling in Sandgap and the Supreme Court's ruling in either Ilst or Ylst, YLST, is we have to go back to the last reasoned decision, which, in this case, was the decision of the state post-conviction court, which denied... But in Sandgap, with which I have some familiarity, there was something in the Court of Appeals briefs to which one could point as having raised the issue. Here you're saying there's nothing. As I recall the Sandgap opinion, it didn't matter. Because you still had to go back to the last reasoned decision, which had been the trial court decision, I believe, in that case also. Here we have to do the same thing. And here the state post-conviction court explicitly recited Mr. Terry's federal claims under the Fifth, Sixth, and Fourteenth Amendments before denying relief. Now, beyond that, we can take... The court asked about Peterson. And I submit, to begin with, this is the reverse of Peterson, because the federal issue was raised in the petition for review to the Oregon Supreme Court. But... And beyond that, it was raised in more ways than one. Peterson recited a number of different ways in which a federal issue could have been raised. And the Court will recall that in Peterson, the specific issue was ineffective assistance of counsel. In the Peterson case, the petitioner had couched the issue only in terms of adequate assistance of counsel, which is how the Oregon courts under the Oregon Constitution look at the question. Peterson said if only the petitioner in that case had used the term ineffective assistance instead of inadequate assistance, it would have been a different case. Then the federal issue would have been framed. And here, in fact, that is what Mr. Terry did. In his original post-conviction petition, in fact, before the Oregon Circuit Court, he raised the issue in terms of ineffective assistance of counsel. Suppose we agree with him. What would we do then? Would we go and decide the merits of the question, or would we remand to the district court? I think that since the district court here erred in finding that there was a procedural default, it would be most appropriate for this court to remand for a decision on the merits of Mr. Terry's claim. Do we have the colloquy at which the guilty plea was taken in the record? Yes. Yes, it's in the answer. Did any court give that a de novo review to see whether it covered the necessary grounds? I would say probably not, because there was no direct appeal. His first post-conviction effort was in the circuit court to set aside his guilty plea. That's correct. Did the judge make any findings about the colloquy and the various steps? I presume Oregon has some formula that has to be gone through before a guilty plea can be entered. It was a curious procedure because, in essence, the post-conviction court denied relief on procedural grounds, finding that there had been a waiver of the right to seek a guilty plea. In his guilty plea, he waived his right to appeal from the sentence. And to seek post-conviction relief for habeas. Yes. But your argument, as I understand it, is, and there's some support for it in 9th Circuit and other law under Federal cases which you didn't cite, that a guilty plea or plea agreement taken as a result of ineffective assistance of counsel isn't waivable, essentially. In other words, is post-conviction relief on the basis that the plea or the agreement was the result of ineffectiveness, it just isn't waivable. Isn't that your ultimate position? It is one of our positions. We did argue in our brief that a guilty plea which results from ineffective assistance of counsel is by its nature involuntary. And isn't that what was meant by the various arguments that you can't bifurcate the trial? That procedural argument is really not a procedural argument. It's really a substantive argument. I don't see how the post-conviction court could bifurcate the trial because to decide whether there was a waiver of the right to seek relief, it had to decide whether the waiver was involuntary. So what you're only saying is the colloquy isn't good enough and the colloquy doesn't resolve the constitutional issue that you're raising because even if he was told everything in the world, if the guilty plea or the plea agreement was the result of ineffectiveness, the waiver isn't any good even if we're staring him in the face. Isn't that your ultimate argument? Well, one of our ultimate arguments is that a defense attorney may not counsel his own client to waive the right to allege that he was ineffective, and yet that's what happened here. I see I have 30 seconds left. I'll give you some more time and then we'll give you some more rebuttal. Thank you. I may have pleased the Court. On the last point, because it's fresh in my mind, I want to reiterate that argument is raised for the first time before this Court. It wasn't raised before the post-conviction court. It wasn't raised before the district court. That particular claim that a counsel cannot advise his client to waive post-conviction. Well, it was raised from day one in various articulations. The notion that the waiver, quite aside from the colloquy, could be ineffective, could be nonoperative if it was the result of ineffective assistance of counsel. Is that not true? That's true. And that's what the post-conviction court resolved. I mean, that was the whole. The post-conviction court resolved it just by looking at what was said in court and saying he was quite aware that he was, in effect, waiving this. But the question of whether it's waivable, this is what I understand it to have meant by continuing to say you can't bifurcate it. You can't bifurcate it because the colloquy itself isn't going to resolve the question. The Court's determination, maybe I should step back and go through precisely what happened here. There was extensive pre-plea negotiations between defendant and the State. They executed a rather extensive written plea agreement that is set out in the excerpt of record. It fully advises the defendant of all his rights, et cetera. And that's at excerpt of record 39 and following. And it contains a very express waiver of direct, limited waiver of direct appeal, but then a waiver of post-conviction habeas corpus. There was a, on the record, colloquy about all this. And that's at excerpt of record 43. And the Court went through this with the defendant rather painstakingly. He didn't go through this particular thing. But let's assume that he did. Suppose he had said to the defendant, and this says that you're waiving post-conviction review. Do you know that? Yes. Is that okay with you? Fine. Because that's not the record. But suppose it were. Okay. All right. But suppose as well that in fact, you know, I'm now way exaggerating, but suppose the lawyers who are advising him had said to him, you know, if you don't agree to this, we're quitting tomorrow. You're going to have to go to trial without a lawyer or something like that. All right. I assume that the waiver wouldn't be good no matter what he said. Well, that may well be true. And that's pretty much the issue. But, again, that's pretty much the issue that was legated in the post-conviction proceeding because then he immediately fell for post-conviction relief. But what I'm saying is it wasn't. That's what the whole point of this bifurcation objection is because the post-conviction judge just looked at the colloquy. He did not consider whether in fact there was an effective assistance because he said he couldn't reach that. Well, no. I think I would disagree, Your Honor. Petitioner testified. He did it by deposition or by affidavit. And he set out his side of all of this. He did not proffer, if I recall correctly, he didn't proffer any evidence as to his other claims at all. And so the post-conviction court said, well, you know, the threshold issue here Did the post-conviction court say I'm not going to reach any of that? Is that why he didn't do it? Well, the way the post-conviction court resolved this is say, well, the threshold question here, because we do have an express waiver on the record in writing of your right to seek post-conviction relief. The first question here, the threshold question here, is did you in fact waive? And if you did waive, was that waiver valid? And so if I find that you did waive and that that waiver is valid, then all the rest of this stuff that you're complaining about is irrelevant because you waived it. Now, that's what the court of the post-conviction court resolved, and that you did when you talk about it bifurcated. What the court really did was to say I'm going to resolve the threshold issue first. I'm not going to take the ineffectiveness evidence. Well, I don't think the DA even proffered the general ineffectiveness evidence except insofar as it related to his waiver of his right to seek post-conviction habeas. And so that's all, if I recall correctly, defendant proffered. Anyway, the trial court, the post-conviction court said, well, based on the evidence I don't believe you, Petitioner. I believe that you fully, knowingly, and voluntarily waived your right to seek post-conviction relief. And that factual finding has never been challenged. You didn't challenge that on direct appeal from post-conviction court, and I don't understand that. But in any event, I think that the fundamental problem here is that when he appealed to the court of appeals, he did not raise any claim before the Oregon court of appeals that bifurcating the proceeding for resolving only this issue first violated his rights under Federal law. He argued that it violated his rights under State law, but he did not argue that it violated his rights under Federal law. And his brief on appeal is in the excerpt of record, and you can see that he never once argued in that, in his appeal, I'm sorry, it's on excerpt of record 138, he never argued in his appeal that there was any Federal law violation here. Now, what Petitioner does, it's excerpt of record 138, what Petitioner says is, well, he attached his petition in the appendix. And as I point out in my brief, well, that means nothing because under Oregon to set forth in the appendix to your appellant's brief the petition and the trial court's ruling. It's like an excerpt of record. Mere fact that you stick something in an excerpt of record and then make no argument on it on appeal does not mean that you have thereby preserved the issue under Federal practice either. And so that, I don't think, gets him anywhere. He did not argue the issue in the court of appeals, and he did not argue the issue in the Oregon Supreme Court. And I think Peterson is essentially indistinguishable here. Those two issues were presented to the trial court, but he made what appears to have been a tactical decision in the Oregon court of appeals not to pursue the Federal law issues. He pursued only the State law issues. And that's what the Court, this Court said in Peterson, in the context in which you presented your case to the appellate courts, you essentially have waived or foregone any challenge to the Federal, on the Federal law issue. And so it may well be an interesting issue, you know, precisely how this is to be done and precisely how a State post-conviction court is to analyze the issue when a petitioner has waived his right to seek post-conviction habeas relief. But I think the short answer in this case is he never made a Federal law issue of that claim. And so it's not properly before you. And the other point I make in my brief is even if he had made that, then the question under 2254 D1 is whether the way the post-conviction court resolved that was contrary or contrary to and involved in unreasonable application of clearly established Federal laws determined by the United States Supreme Court. And Petitioner hasn't identified any case law from anywhere that I'm aware of that what the State post-conviction court did when it did it, in the manner in which it did it, violated well-established Federal law, much less Federal law established by the United States Supreme Court. Well, why doesn't his amended petition in the post-conviction court allege that his amendment rights because he pled guilty involuntarily without understanding and that he was coerced? Now, why doesn't that constitute a Federal? Oh, I agree that he raised the Federal issue in the State post-conviction court and that that's And then that was resolved by the State post-conviction court. The question, the problem, though, is that he never pursued that issue on appeal. The State post-conviction court, very specifically, and that's an excerpt of Record 160, very specifically resolved that claim against him as a matter of fact and law. Petitioner voluntarily waived his right to pursue a post-conviction relief. He has no right to relief sought in this proceeding. The case should be dismissed. And also the petitioner was well informed of his rights and voluntarily waived those rights with knowledge. Petitioner's only argument before the State post-conviction court was based entirely on his own testimony. There was voluminous evidence to the contrary. And the post-conviction court expressly found that Petitioner is not credible. And so when it found that he is not credible, you know, there goes his involuntary plea. And this was an affidavit that he wrote in prison, wasn't it?  So it wasn't subject to cross-examination or anything. It was just his affidavit. That's correct. But he could have testified had he wanted to, and he chose to present his evidence by affidavit. And having chosen to proceed that way, I think that he can't claim, well, it wasn't such a problem. He had counsel helping him at that time. He had counsel helping him in the post-conviction, and he had counsel on appeal, and he had counsel in the Oregon Supreme Court. Where is the affidavit in Record 160? It may well be that that affidavit is not in the excerpt of record. There was also a deposition, which isn't a record. I'm sorry? There was a deposition as well. I think there was a deposition as well, and I don't think that that is in the excerpt of record. That is not. Well, actually, let's see. The deposition, I'm sorry, is, and it's at excerpt of record 89. Right. And so, yes, he did produce an affidavit, but he also did testify under oath subject to cross-examination in his deposition, and his deposition was sought to prove post-conviction. Thank you. Thank you. Mr. Weintraub, I'll give you a couple minutes. Thank you, Ron. His affidavit is in the excerpt, by the way, at page 107. Page what? I'm sorry? 107, immediately following a copy of the deposition transcript. What was the impact of this so-called bifurcation? Mr. Selester suggests that there was no, quote, proffer with regard to the impact of the ineffectiveness on the waiver. That's how the trial court decided to proceed. Just take one step back. And the step was to not reach any form of ineffectiveness at that point. That's correct. And the State had filed a motion for summary judgment, which the trial court denied. But its next step was to hold a bifurcated trial, the first half of which, which was the only half reached, was only on whether there had been a valid waiver. Not including whether the waiver had been influenced by ineffectiveness. That is correct. That was my understanding. The ultimate issue is whether that waiver was voluntary. And that issue was preserved. It's well established that an involuntary plea is no good. And that's the issue before the court here. Thank you. Thank you.
judges: Goodwin, Hug, Berzon